UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PETRA MARTINEZ, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>AMERICA'S WHOLESALE LENDER,<br><br>    Defendant. | Case No. 18-CV-02869-LHK<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE**<br><br>Re: Dkt. No. 12 |

Petra Martinez and Stanley Atkinson ("Plaintiffs"), proceeding *pro se*, filed the instant civil action against Defendant America's Wholesale Lender ("AWL") in the California Superior Court for the County of Monterey on January 9, 2018, and asserted claims against AWL for "void ab initio contracts." ECF No. 1. AWL removed this action to federal court on the basis of diversity jurisdiction on May 16, 2018. *Id.* Before the Court is Defendant AWL's Motion to Dismiss. Having considered the parties' briefs, the relevant law, and the record in this case, the Court GRANTS AWL's Motion to Dismiss with prejudice.

**I.    BACKGROUND**

    **A. Factual Background**

In January 2006, Plaintiff Petra Martinez obtained a loan from AWL in the principal

1
Case No. 18-CV-02869-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

amount of $1,500,000.00 by signing an adjustable rate Promissory Note (the "Note"). ECF No. 1 ("Compl.") ¶ 8. The Note is secured by a Deed of Trust ("DOT") against the real property, 25339 Camino De Chamisal, Salinas, California 93908 (the "Property"). *See* Request for Judicial Notice ("RJN"), ECF No. 14, Ex. 1 at 8–35.[1] The DOT was recorded in the official records of the Monterey County Recorder's Office on January 20, 2006. *Id.* Both Plaintiffs Petra Martinez and Stanley Atkinson were signatories to the DOT. *Id.* Mortgage Electronic Registration Systems, Inc. ("MERS") was the beneficiary as nominee for the lender and the lender's successors and assigns. *Id.*

On January 28, 2009, a Notice of Default was recorded in the official records of the Monterey County Recorder's Office. *See* RJN, ECF No. 14, Ex. 2 at 36–39. The Notice of Default stated that the amount due was $79,555.75 as of January 27, 2009. *Id.* On April 28, 2010, MERS executed a Corporation Assignment of DOT evidencing the assignment of the DOT to The Bank of New York Mellon ("BNYM"). RJN, ECF No. 14, Ex. 3 at 40–41. The assignment was recorded in the official records of the Monterey County Recorder's Office on May 11, 2010. *Id.*

On April 28, 2010, a trustee's sale took place, and on May 11, 2010, a Trustee's Deed Upon Sale was recorded in the official records of the Monterey County Recorder's Office. RJN, ECF No. 14, Ex. 4 at 42–47. The sale was rescinded on June 18, 2012, and a Notice of Rescission of Trustee's Deed Upon Sale was recorded in the official records of the Monterey County Recorder's Office on June 18, 2012. RJN, ECF No. 14, Ex. 5 at 48–53.

On June 25, 2015, a Substitution of Trustee was recorded, and Old Republic National Title

---

[1] Defendant AWL requests that the Court take judicial notice of 28 documents. The Court grants AWL's request as to all 28 documents included in, and attached to, AWL's request. The Court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). However, to the extent any facts in documents subject to judicial notice are subject to reasonable dispute, the Court will not take judicial notice of those facts. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). Defendants request judicial notice of the dockets and certain filings from Plaintiffs' state court proceedings, as well as judicial notice of certain documents recorded with the county. ECF Nos. 19, 25. Public records, including judgments and other publicly filed documents, are proper subjects of judicial notice. *See, e.g.*, *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007).

2
Case No. 18-CV-02869-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

Insurance Company was substituted as the trustee under the DOT. RJN, ECF No. 14, Ex. 6 at 54–56. On June 25, 2015, a Notice of Default was also recorded in the official records of the Monterey County Recorder's Office Procedural History. RJN, ECF No. 14, Ex. 7 at 57–60. The Notice of Default stated that Plaintiffs' arrearages on the loan amounted to $1,011,489.47 and that the loan had been in default since May 1, 2008. *Id.* On November 2, 2016, another Substitution of Trustee was recorded, this time substituting the Law Offices of Les Zieve ("Zieve") as the new trustee under the DOT. RJN, ECF No. 14, Ex. 8 at 61–64. That same day, Zieve recorded a Notice of Trustee's Sale, and a sale was set for December 1, 2016. RJN, ECF No. 14, Ex. 9 at 65–67. According to the Notice of Trustee's Sale, the estimated amount of unpaid balance and other charges was $2,331,942.83. *Id.* Because of Plaintiffs' numerous lawsuits, the sale was continued to March 20, 2018. RJN, ECF No. 14, Ex. 10 at 68–72. The Property was sold and reverted to BNYM, the beneficiary under the DOT. *Id.*

Plaintiffs' litigation history is extensive, including at least four prior actions. First, Plaintiff Petra Martinez brought filed suit against AWL, Bank of America, and BNYM in Monterey County Superior Court on August 3, 2009 ("First Action"). RJN, ECF No. 14, Ex. 11 at 73–74, Ex. 12 at 75–96. Plaintiff's first amended complaint in that case asserted claims for (1) Cancellation of a Voidable Contract; (2) Quiet Title; (3) Accounting; (4) Violation of the Real Estate Settlement Procedures Act; (5) Unfair Competition; (6) Unfair Debt Collection Practices; (7) Declaratory Relief; (8) Slander of Title; (9) Intentional Infliction of Emotional Distress; and (10) Negligent Infliction of Emotional Distress. RJN, ECF No. 14, Ex. 12 at 75–96. Plaintiff alleged that the DOT and all subsequent records were fraudulent and invalid because the defendants were not "holders in due course of the Note, due to ineffective endorsement." *Id.* ¶¶ 1, 13. Plaintiff also challenged the defendants' right to initiate foreclosure under the DOT as "strangers to this transaction." *Id.* ¶¶ 1, 13, 19, 21–23, 57.

On November 30, 2009, the defendants removed the First Action to the United States District Court for the Northern District of California, Case Number 3:09-CV-05630-WHA. RJN, ECF No. 14, Ex. 13 at 97–100. Defendants moved for summary judgment in the First Action and

3

Case No. 18-CV-02869-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

the court granted summary judgment on March 15, 2010. RJN, ECF No. 14, Ex. 14 at 101–13. Plaintiff appealed to the Ninth Circuit. RJN, ECF No. 14, Ex. 15 at 114–22. On appeal, the Ninth Circuit found that Plaintiff had abandoned all of her claims, including two implicit "overarching claims" of a "right to initiate foreclosure proceeding[s]" and "deficient notice," except for "her claim under California Civil Code Section 2923.5 (though her Complaint does not identify it as a discrete cause of action) and her action to quiet title on the basis that Defendants lacked authorization to carry out the foreclosure." *Martinez v. Am.'s Wholesale Lender*, 446 F. App'x 940, 942–43 (9th Cir. 2011). Ultimately, as to the two claims she successfully appealed, the Ninth Circuit reversed only the court's ruling regarding the claim for quiet title because defendants failed to properly authenticate the substitution of trustee and "establish that the foreclosure sale was valid." *Id.* 943–45. On remand, the parties stipulated to a dismissal with prejudice as to the only remaining claim, which was the quiet title claim. RJN, ECF No. 16, Ex. 15 at 123–25. The court signed the stipulation and closed the case on November 29, 2011, RJN, ECF No. 17, Ex. 15 at 126–34.

On November 16, 2016, Plaintiffs filed a new complaint in the Superior Court for the County of Monterey against BNYM, AWL, and MERS, among other parties ("Second Action"). RJN, ECF No. 14, Ex. 18 at 135–51. Plaintiffs' complaint asserted ten causes of action, including (1) Void Contract; (2) Breach of Contract; (3) Statutory Causes of Action; (4) Lack of Standing to Foreclose; (5) Fraud in the Concealment; (6) Fraud in the Inducement; (7) Slander of Title; (8) Quiet Title; (9) Rescission; and (10) Declaratory Relief, including that defendants lacked standing to foreclose. *Id.* The complaint included allegations that (1) the lender on the loan, AWL, was not a valid corporation at the time the loan was originated in April 2006, (2) the loan was improperly securitized, and (3) no timely assignment of the DOT was recorded. *Id.* ¶¶ 2–9, 17–21, 27–35, 39–43, 47–61, 67–74, 93–134. Based on these allegations, Plaintiffs claimed the DOT was "void ab initio" and that the entire chain of title was fraudulent. *Id.* Plaintiffs also asserted the claim that the DOT was void and/or never properly assigned because it was "scanned into an electronic digitized graphics package" and thus converted to "an intangible e-Deed of Trust" which "became subject

4

to laws and precedent Appellate Court cases different from those applying to the original tangible paper Deed of Trust." *Id.* ¶¶ 24–25, 47–61, 107–11. Plaintiffs then filed an amended complaint, reasserting much of the same allegations, including that AWL was not a valid corporation at the time the loan was originated, had no "money" to lend, and did not fund the loan with any real "money." RJN, ECF No. 14, Ex. 19 at 152–79. Plaintiffs similarly argued that the DOT was never properly assigned, that the Note was split from the DOT, and that the DOT was extinguished and/or required to be destroyed as a result of the loan's securitization. *Id.* ¶¶ 29–52, 54–65. Plaintiffs also alleged that BNYM's voluntary dismissal with prejudice of a prior unlawful detainer action amounted to res judicata barring any subsequent foreclosure proceedings. *Id.* ¶¶ 53–57.

On May 5, 2017, the court sustained the defendants' demurrer to the amended complaint in its entirety without leave to amend, and the court denied Plaintiffs' request for preliminary injunction as moot. *See* RJN, ECF No. 14, Ex. 20 at 180–81, Ex. 21 at 183–87. On May 10, 2018, Plaintiffs filed a notice of appeal. RJN, ECF No. 14, Ex. 22 at 188–92. On June 23, 2017, a Judgment of Dismissal was entered in defendants' favor. RJN, ECF No. 14, Ex. 23 at 193–96. As of the filing of AWL's instant motion, the appeal was still pending.

On May 26, 2017, Plaintiffs filed an adversary complaint in their then-pending Chapter 13 bankruptcy petition ("Third Action"). RJN, ECF No. 14, Ex. 24 at 197–209. The adversary complaint contained the same allegations that they asserted in the First and Second Actions, including challenging defendants' authority to foreclose. *Id.* Defendants moved to dismiss, and the court granted the motions on August 1, 2017, with limited leave to amend. RJN, ECF No. 14, Ex. 25 at 210–32, Ex. 26 at 233–236. The court stated that the "2010 district court stipulation of dismissal (First Action) is entitled to preclusive effect as to the causes of action and issues it addressed." RJN, ECF No. 14, Ex. 25.at 224. The court stated that several issues adjudicated in the First Action may not be relitigated in the Third Action, including: (1) the allegation that "BNYM's predecessor in interest Bank of New York had no right to foreclose on Plaintiffs' Property unless it presented a properly endorsed promissory note and that the foreclosure trustee had not been

5
Case No. 18-CV-02869-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

properly substituted"; (2) the issue that there was no "complete chain of title between [AWL] and [BNYM] such that [BNYM] had the right to initiate [ ] non-judicial foreclosure proceedings;" and (3) the allegation that Plaintiffs did not owe the astounding amounts due or were "entitled to have title quieted in their favor." *Id.* at 224–25. The court stated it was "inclined to GRANT the motions without leave to amend to the extent Plaintiffs are attempting to relitigate any of the primary rights raised in the district court case." *Id.* at 245.

Plaintiffs then filed a first amended adversary complaint on August 11, 2008. RJN, ECF No. 14, Ex. 27 at 237–46. Plaintiffs asserted two causes of action for: (1) "Fraudulent Fabrication of Debt and Creditor Status" and (2) "Presentation of Counterfeit Documents." *Id.* at 241–42. However, these causes of action were predicated on the same arguments that AWL was not a valid corporation in New York at the time of the loan origination, that AWL had no account and thus did not lend anything to Plaintiffs, and that AWL signed none of Plaintiffs' "closing documents." *Id.* ¶¶ 7–10. Furthermore, Plaintiffs alleged that the Note was paid off at securitization with the value BNYM had credited to the Martinez BNYM account, which was then converted and disguised as bank credit; that BNYM paid nothing for the Note; that the act of "digitally transforming and depositing" the Note into a securitized trust "converted the Note into "certificates"; and that "no debt obligation, evidenced by the wet ink original genuine properly indorsed Plaintiff's Promissory Note, exists which gives holder of debt status, therefore creditor status, to any Defendant." *Id.* ¶¶ 22–30. Plaintiffs therefore alleged that defendants had filed fraudulent documents with the County Recorder's Office and the bankruptcy court in an attempt to demonstrate the debt's existence and creditor status. *Id.* ¶¶ 31–43. On October 4, 2017, the court again granted defendants' motion to dismiss, this time without leave to amend. RJN, ECF No. 14, Ex. 28 at 247–48. Plaintiffs appealed that dismissal as Case No. 5:17-CV-06193-LHK. On September 10, 2018, this Court affirmed the decision of the bankruptcy court, and entered judgment. As part of this Court's order, this Court noted that Plaintiffs challenge to the mortgage's validity was barred by the First Action. *See* Case No. 5:17-CV-06193-LHK. Plaintiffs filed a

6

Case No. 18-CV-02869-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

1 notice of appeal on September 26, 2018.[2]

## B. Procedural Background

On January 9, 2018, Plaintiffs, proceeding *pro se*, filed the instant civil action against AWL in the Superior Court for the County of Monterey. *See* ECF No. 1. Plaintiffs asserted a claim for void ab initio contracts based on the allegations that AWL "fraudulently represented itself to be a lender that was organized and existing under the laws of New York," and "intended to loan money," but "did not sign" the Plaintiff's Promissory Note." *Id.* Plaintiffs further stated that AWL "had no bank account, did not intend to lend any money, and lent no money." *Id.*

AWL removed the action to federal court on May 16, 2018. *Id.* The basis of AWL's removal was diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiffs are citizens of California; AWL is incorporated in and has its principal place of business in New York; and the amount in controversy exceeds $75,000. *Id.*

On May 29, 2018, AWL filed the instant Motion to Dismiss. ECF No. 12 ("Mot."). On June 15, 2018, Plaintiffs filed a combined Opposition and Motion for Default Judgment. ECF No. 17 ("Opp'n"). Defendants replied on June 19, 2018. ECF No. 18 ("Reply"). On June 21, 2018, the Clerk of the Court declined to enter default against AWL. ECF No. 19. The Clerk noted in the docket entry that "Defendant has appeared in this action." *Id.*

## II. LEGAL STANDARD

### A. Motion to Dismiss

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[2] AWL also asserts that Plaintiffs filed a fourth action in the Superior Court for the County of Monterey, Case No. 18-CV-001430, and cites to a purported "Exhibit 29" in its request for judicial notice. *See* Mot. at 8. However, AWL neither included in, nor attached an "Exhibit 29" to, its request for judicial notice. *See* RJN, ECF No. 14 (lacking "Exhibit 29"). Accordingly, the Court declines to take judicial notice of an "Exhibit 29."

defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

Nonetheless, the Court is not required to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *accord Iqbal*, 556 U.S. at 678. Furthermore, "'a plaintiff may plead [him]self out of court'" if he "plead[s] facts which establish that he cannot prevail on his . . . claim." *Weisbuch v. County of Los Angeles*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (quoting *Warzon v. Drew*, 60 F.3d 1234, 1239 (7th Cir. 1995)).

**B. Leave to Amend**

If the Court determines that a complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

8

Case No. 18-CV-02869-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

### III. DISCUSSION

AWL argues that Plaintiffs' Complaint should be dismissed because, "[a]s evident by the number of filings seeking the same relief under the same meritless allegations, Plaintiffs' lawsuits are not brought in good faith. Instead, they have been brought for the sole purpose of delaying foreclosure." Mot. at 8. In particular, AWL argues that Plaintiffs' Complaint is barred by the doctrine of res judicata as well as the doctrine of collateral estoppel, and that Plaintiffs fail to allege a viable claim for relief. Mot. at 9–14. As discussed below, the Court finds that Plaintiffs have abandoned their claims, and that, in any event, their Complaint is barred by the doctrine of res judicata. The Court therefore need not address AWL's arguments as to collateral estoppel and that Plaintiffs fail to allege a viable claim for relief.

#### A. Abandonment

As an initial matter, Plaintiffs' Opposition is effectively non-responsive. Plaintiffs do not respond to AWL's arguments that the Complaint is barred by the doctrine of res judicata and the doctrine of collateral estoppel, and that it fails to allege a viable claim for relief. *See* Opp'n. Instead, Plaintiffs only appear to take issue with the fact that AWL's attorney, Diane Cragg of Severson & Werson, filed the Motion to Dismiss on her client's behalf. *Id.* at 2–3 ("Plaintiffs allege that the purported attorneys, Diane Cragg of Severson & Werson [*DC/SW*] for Defendant, AMERICA'S WHOLESAL[E] LENDER [*AWL*], have not verified the Motion to Dismiss pleading," and "Plaintiffs allege that *DC/SW* has no attorney-client relationship contract/***agreement*** with AMERICA'S WHOLESALE LENDER."). In fact, Plaintiffs moved for default judgment in their Opposition based on this line of thought. *Id.* at 1–7. Not only is this argument incoherent, but as already discussed, the Clerk of the Court declined to enter default against AWL, and noted in the docket entry that "Defendant has appeared in this action." ECF No. 19. Thus, the Court need not consider Plaintiffs' motion for default judgment any further. Plaintiffs' motion for default judgment against AWL is DENIED.

Furthermore, Plaintiffs' non-responsiveness alone justifies granting AWL's motion to dismiss. This Court may construe Plaintiffs' failure to oppose AWL's motion to dismiss or to

9

Case No. 18-CV-02869-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

explain why the present action is not barred by the doctrine of res judicata and the doctrine of collateral estoppel or why the Complaint states a viable claim for relief as Plaintiffs' abandonment of their claims. *See, e.g*, *Wooten v. Countrywide Home Loans Inc.*, No. CIV S-11-1791 MCE DAD PS, 2012 WL 3463460, at *5 (E.D. Cal. Feb. 1, 2012) ("[P]laintiff's original complaint contains claims which plaintiff did not address in responding to defendants' motions. . . . A failure to oppose a dispositive motion may be construed as abandoning the subject claims."); *Qureshi v. Countrywide Home Loans, Inc.*, No. C 09-4198 SBA, 2010 841669 (N.D. Cal. Mar. 10, 2010) (deeming plaintiff's failure to address claims challenged in a motion to dismiss an "abandonment of those claims"); *Herzberg v. Cnty. of Plumas*, 133 Cal. App. 4th 1, 20 (2005) ("Plaintiffs did not oppose the County's demurrer to this portion of their seventh cause of action and have submitted no argument on the issue in their briefs on appeal. Accordingly, we deem plaintiffs to have abandoned the issue."). The Court finds that Plaintiffs have abandoned their claims.

### B. Res Judicata

Additionally, the Court agrees with AWL that the doctrine of res judicata bars this present action because of Plaintiffs' First and Second Actions. *See* Mot. at 9.

Res judicata "prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them." *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 896 (2002). "Res judicata precludes piecemeal litigation by splitting a single cause of action or relitigation of the same cause of action on a different legal theory or for different relief." *Id.* at 897 (citations omitted). Under California law, the doctrine of res judicata bars claims when the second suit involves: "(1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit." *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 824 (2015).[3]

First, to determine whether two proceedings involve the "same cause of action," California

---

[3] The Court notes that the outcome would be the same under the similar federal res judicata standard. *Yagman v. Garcetti*, 2018 WL 3750316, at *2 (9th Cir. Aug. 8, 2018) ("Res judicata applies when there is (1) a final judgment on the merits, (2) identity or privity between the parties, and (3) identity of claims."); *see also Lee v. Thornburg Mortg. Home Loans Inc.*, 2014 WL 4953966, at *6 (N.D. Cal. Sept. 29, 2014) (finding a loan servicer to be in privity with original lender, nominee, and trustee sued in prior lawsuit).

courts do not require that the claims in the first and second lawsuit be identical. Instead, California applies the "primary right" theory, which defines "cause of action" as comprising "a 'primary right' of the plaintiff, a corresponding 'primary duty' of the defendant, and a wrongful act by the defendant constituting a breach of that duty." *Mycogen Corp.*, 28 Cal. 4th at 904 (citation omitted). In the primary right theory, "the phrase 'cause of action' has a more precise meaning: The cause of action is the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory . . . advanced." *Boeken v. Phillip Morris USA, Inc.*, 48 Cal. 4th 788, 814 (2010) (citations omitted). "Hence a judgment for the defendant is a bar to a subsequent action by the plaintiff based on the same injury to the same right, even though he presents a different *legal ground* for relief." *Id.* (citations omitted); *see also Interinsurance Exch. of the Auto. Club v. Superior Court*, 209 Cal. App. 3d 177, 182 (Cal. Ct. App. 1989) ("The fact that different forms of relief are sought in the two lawsuits is irrelevant, for if the rule were otherwise, litigation finally would end only when a party ran out of counsel whose knowledge and imagination could conceive of different theories of relief based upon the same factual background.").

Here, the Court finds that the first prong is met. Plaintiffs brought suit under the same primary right in the First and Second Actions. Namely, the First and Second Actions concerned whether the loan obtained by Petra Martinez, and the Note and DOT that evidence the loan, were valid. *See* RJN, ECF No. 14, Ex. 12 at 75–96, Ex. 19 at 152–79. More specifically, the Second Action was predicated on the same allegations present in the instant action — that AWL was not a valid corporation at the time the loan was originated, had no "money" to lend, and did not sign the Note. RJN, ECF No. 14, Ex. 19 at 152–79.

Second, the Court finds that the First Action resulted in a final judgment on the merits because the California Supreme Court has held that a plaintiff's dismissal with prejudice "is the equivalent of a final judgment on the merits, barring the entire cause of action." *Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 793 (2010); *see Wakefield v. Glob. Fin. Private Capital, LLC*, 2015 WL 6738548, at *5 (S.D. Cal. Nov. 4, 2015) (noting *Boeken* establishes this proposition). Moreover, the appeal in the Second Action does not disturb the Court from finding a final

11

1    judgment in that action because a federal court judgment is considered "final" as soon as it is

2    rendered in the trial court. *See Robi v. Five Platters, Inc.*, 838 F.2d 318, 327 (9th Cir.1988) ("The

3    present appeals in no way affect the 'firmness' of the Robi decisions in the district court for

4    purposes of issue preclusion.").

Third, the Court finds that "the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding." *Carr v. Los Angeles Cty. Dep't of Auditor-Controller*, 714 F. App'x 780, 780 (9th Cir. 2018). Plaintiff Petra Martinez was the plaintiff in the First Action, and she is the plaintiff in this action. Stanley Atkinson took out the mortgage with Martinez when they married, was actively involved in subsequent loan modification attempts, and was a plaintiff alongside Petra Martinez in the Second Action. *See* Case No. 17-CV-06193; *see also* RJN, ECF No. 14, Ex. 11 at 73–74, Ex. 12 at 75–96, Ex. 18 at 135–51. Privity exists "where the two parties have a 'sufficient commonality of interests.'" *Bay Area Rapid Transit Dist. v. Gen. Reinsurance Corp.*, 111 F. Supp. 3d 1055, 1068 (N.D. Cal. 2015), *aff'd*, 726 F. App'x 562 (9th Cir. 2018). Stanley Atkinson meets that bar. *See also Yan Sui v. 2176 Pac. Homeowners Ass'n*, 2012 WL 6632758, at *7 (C.D. Cal. Aug. 30, 2012), report and recommendation adopted, 2012 WL 4900427 (C.D. Cal. Oct. 16, 2012), *aff'd*, 582 F. App'x 733 (9th Cir. 2014) ("[P]rivity of the parties, is satisfied because Yan Sui was a plaintiff in the March 2010 action, and he and Pei-yu Yang were married at all relevant times."). AWL was a defendant in both the First and Second Actions. Thus, all the conditions for res judicata are met.

In sum, the Court finds that Plaintiffs' Complaint is barred by the doctrine of res judicata. The Court therefore GRANTS AWL's Motion to Dismiss. Because Plaintiffs' claim is barred by the doctrine of res judicata, granting leave to amend would be futile. *See Leadsinger*, 512 F.3d at 532. Furthermore, to force AWL to repeatedly litigate the same issues that have already been adjudicated on multiple prior occasions would be unduly prejudicial to AWL. *Id.* Accordingly, the Motion to Dismiss is granted with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS AWL's Motion to Dismiss with prejudice.

**IT IS SO ORDERED.**

Dated: October 3, 2018

_____
LUCY H. KOH
United States District Judge