United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PETRA MARTINEZ, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>AMERICA'S WHOLESALE LENDER,<br><br>　　　　Defendant. | Case No. 18-CV-02869-LHK<br><br>**ORDER DISMISSING PLAINTIFFS' COMPLAINT WITH PREJUDICE; DENYING PLAINTIFFS' REQUEST TO HOLD DEFENDANT'S ATTORNEYS IN CONTEMPT**<br><br>Re: Dkt. Nos. 53, 54, 55 |

On October 3, 2018, the Court granted Defendant America's Wholesale Lender's ("Defendant") motion to dismiss Plaintiffs' Petra Martinez and Stanley Atkinson ("Plaintiffs") complaint with prejudice. ECF No. 40. On October 3, 2018, the Court entered judgment in favor of Defendant. ECF No. 41. On October 23, 2018, Plaintiffs appealed this Court's October 3, 2018 order dismissing Plaintiffs' complaint to the Ninth Circuit Court of Appeals. ECF No. 44.

On March 19, 2019, the Ninth Circuit vacated this Court's order dismissing Plaintiffs' complaint and remanded for further proceedings because the Ninth Circuit was "unable on this record to make a determination as to whether diversity jurisdiction existed." ECF No. 50 at 2. Specifically, the Ninth Circuit observed that although Defendant represented on appeal that

1

Case No. 18-CV-02869-LHK
ORDER DISMISSING PLAINTIFFS' COMPLAINT WITH PREJUDICE; DENYING PLAINTIFFS' REQUEST
TO HOLD DEFENDANT'S ATTORNEYS IN CONTEMPT

America's Wholesale Lender is a "fictitious business name used by Countrywide Home Loans, Inc.," the record includes no information about Countrywide's state of incorporation or principal place of business. *Id.* The Ninth Circuit's mandate issued on April 10, 2019. ECF No. 51.

On April 11, 2019, the Court ordered the parties to file by May 2, 2019 three-page briefs "regarding whether this Court has subject matter jurisdiction over the action." ECF No. 52. On May 2, 2019, the parties each filed briefs.[1] ECF Nos. 53, 54. On May 8, 2019, Plaintiffs filed a second unauthorized brief with duplicative arguments. *See* ECF No. 55. The Court now addresses whether the Court has subject matter jurisdiction over the instant action.

### A. Legal Standard

Defendant originally removed this case from California Superior Court for the County of Monterey. ECF No. 1. A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). If it appears at any time before final judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the action to state court. 28 U.S.C. § 1447(c).

For federal subject matter jurisdiction to exist, a case must either involve diversity of citizenship between the parties or involve a claim arising under federal law. *See Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 n.2 (9th Cir. 2002). Under 28 U.S.C. § 1332(a)(1), federal courts have diversity jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332. The statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

### B. Analysis

Defendant removed the case to federal court on the basis of diversity jurisdiction. *See* ECF No. 1 at 2. Neither party disputes that at least $75,000 is in controversy. Defendant's loan to

---

[1] Plaintiffs' brief exceeded the authorized page limit.

2

Case No. 18-CV-02869-LHK
ORDER DISMISSING PLAINTIFFS' COMPLAINT WITH PREJUDICE; DENYING PLAINTIFFS' REQUEST TO HOLD DEFENDANT'S ATTORNEYS IN CONTEMPT

Plaintiffs, which Plaintiffs wish to void, was for $1.5 million. ECF No. 1, Ex. 1 at 8 (request to void promissory note), *id.*, Ex. B (promissory note in the amount of $1.5 million). Nor is Plaintiffs' state of citizenship at issue. Plaintiffs allege in their complaint that they reside in Salinas, California, and the cover sheet to their complaint lists their residence as Salinas, California. ECF No. 1, Ex. 1 at 1–2, 5.

On remand, Defendant has carried its burden to show that Defendant is not a citizen of California for purposes of diversity jurisdiction, and that diversity of citizenship thus exists. Defendant explains that America's Wholesale Lender was a trade name formerly used by Countrywide Home Loans, Inc., and that Defendant's attorney "mistakenly appeared on behalf of America's Wholesale Lender without including the successor entity, Countrywide Home Loans, Inc." ECF No. 54 at 1. Defendant further states: "Countrywide Home Loans, Inc. is no longer doing business as America's Wholesale Lender." *Id.* at 2. Defendant also contends that Countrywide is diverse from Plaintiffs because Countrywide is not a citizen of California. *Id.*

For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). As set forth below, Defendant's submissions show that Countrywide is not incorporated in California and has its principal place of business in North Carolina, and is thus diverse from Plaintiffs.

First, Defendant submitted Countrywide's registration with the California Secretary of State as a foreign corporation, which demonstrates that Countrywide is not incorporated in California. ECF No. 54, Ex. A. If Countrywide were incorporated in California, Countrywide would not register with the California Secretary of State as a foreign corporation.

Second, Countrywide's registration as a foreign corporation shows that Countrywide has its principal place of business in North Carolina. Per the registration, Countrywide's mailing address is 150 N. College St., Charlotte, North Carolina. Ex. A. Countrywide's Chief Executive Officer and Chief Financial Officer are both located at the same College St. address in Charlotte,

3

North Carolina. *Id.* Thus, because a corporation's principal place of business under 28 U.S.C. § 1332(c)(1) is "the place where a corporation's officers direct, control, and coordinate the corporation's activities," *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010), Countrywide has its principal place of business in North Carolina for diversity jurisdiction purposes.

Accordingly, diversity of citizenship exists because Plaintiffs are citizens of California. Plaintiffs do not argue or submit evidence that Countrywide (or America's Wholesale Lender, for that matter) is a citizen of California. ECF No. 53 at 4. Thus, Plaintiffs fail to rebut Defendant's showing that Countrywide is not a citizen of California.

Therefore, the Court concludes that the parties are diverse and that the Court may exercise subject matter jurisdiction over the case. Because jurisdiction was proper when the Court entered its order dismissing Plaintiffs' complaint with prejudice on October 3, 2018, and because the Ninth Circuit did not reach the merits of that dismissal order, the Court again dismisses Plaintiffs' complaint with prejudice for the reasons stated in the Court's October 3, 2018 order. *See* ECF No. 40.

In Plaintiffs' brief, Plaintiffs also argue that Defendant's attorneys should be held in contempt because Defendant's attorneys "intentionally, and maliciously filed this action knowingly they did not have a right to file a removal with this court [sic]." *Id.* at 5. However, as discussed above, diversity jurisdiction exists and removal to federal court was proper. The Court therefore rejects Plaintiffs' request to hold Defendant's attorneys in contempt.

For the reasons stated above and in the Court's October 3, 2018 order, ECF No. 40, the Court DISMISSES Plaintiffs' complaint with prejudice and DENIES Plaintiffs' request to hold Defendant's attorneys in contempt.

**IT IS SO ORDERED.**

Dated: June 12, 2019

_____
LUCY H. KOH
United States District Judge